United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 7, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 06-11265
Summary Calendar

———————————

JOSE EDUARDO TOLEDO; CHRISTIAN EDUARDO TOLEDO; CAROLINA
DIANE TOLEDO,

Plaintiffs - Appellants,

v.

BUREAU OF PRISONS; IAN FLEMING, prison warden; DAVID
BURKELBILE, prison assistant warden; RICHARD ELMER, prison
captain; ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA;
U.S, ATTORNEY FOR THE NORTHERN DISTRICT OF TEXAS, FORT WORTH
DIVISION,

Defendants - Appellees.

———————————————————————————————

Appeal from the United States District Court
for the Northern District of Texas, Fort Worth
USDC No. 4:05-CV-416

———————————————————————————————

Before REAVLEY, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Plaintiffs-appellants José Eduardo Toledo ("Toledo"), Christian Eduardo Toledo, and

Carolina Diane Toledo appeal the district court's dismissal of their claims against the above

named defendants-appellants. We dismiss the appellees' motion to dismiss and affirm for the

following reasons:

———————————————

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion
should not be published and is not precedent except under the limited circumstances
set forth in 5TH CIR. R. 47.5.4.

1.	The only proper defendant in a suit under the Federal Tort Claims Act is the United States. *Atorie Air, Inc., v. F.A.A. of U.S. Dept. of Transp.*, 942 F.2d 954, 957 (5th Cir. 1991). Toledo did not bring suit against the United States. Thus, the district court properly dismissed the FTCA claims against the Bureau of Prisons.

2.	Toledo failed to state a *Bivens* claim against the defendants. To state a *Bivens* claim under the Eighth Amendment, Toledo must, at minimum, allege deliberate indifference to a substantial risk of his serious harm. *Farmer v. Brennan*, 511 U.S. 825, 834, 114 S. Ct. 1970, 1977 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297, 111 S. Ct. 2321, 2323 (1991).. There is no doctrine of respondeat superior in *Bivens* actions. *Cronn v. Buffington*, 150 F.3d 538, 544 (5th Cir. 1998). Thus, in order to be held liable, supervisory federal officials, such as those named in this suit, must be either be involved personally in the alleged deprivation, or must have implemented a policy "so deficient that the policy itself acts as a deprivation of constitutional rights." *Id.*

Toledo alleged only that the defendants "knew or should have known" of a substantial risk to Toledo's life based on the fact that Toledo's father was a police superintendent of the Puerto Rico Police Department; and that defendants "knew or should have known" that two prisoners wanted to injure or kill Toledo because it was "common knowledge" at the prison "from early in the morning of the incident." Toledo alleges neither that the supervisory officials were personally involved in the incident, nor that they implemented a constitutionally deficient

2

policy. At most, the alleged facts suggest a lack of due care, which "simply does not approach the sort of abusive government conduct that the Due Process Clause was designed to prevent." *Davidson v. Cannon*, 474 U.S. 344, 347–48, 106 S. Ct. 668, 670 (1986) (holding that the negligent failure of prison officials to protect a prisoner from another inmate did not amount to an Eighth Amendment violation).

3. Toledo never properly moved for leave to amend his complaint. *See* Local Rule 15.1. Thus, the district court did not abuse its discretion in failing to grant leave to amend.

The appellees' motion to dismiss is DISMISSED as moot.

AFFIRMED.